**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

--------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,          :          Criminal No. 3:13CR00128(AWT)
                                              :
v.                                            :
                                              :
PETER PICONE                       :          September 18, 2013
                                              :
--------------------------------------------------------x

**MOTION FOR APPOINTMENT OF TWO COUNSEL**
**UNDER THE CRIMINAL JUSTICE ACT**

The defendant, Peter Picone, respectfully requests that the Court appoint Attorney Todd

Bussert under the Criminal Justice Act as co-counsel to the undersigned in the above-cited matter.

In this complex fraud case, Mr. Picone is charged with one count of conspiracy, one count

of conspiracy to traffic in counterfeit military goods, two counts of trafficking in counterfeit goods,

one count of conspiracy to commit wire fraud, two counts of wire fraud, and one count of conspiracy

to commit money laundering. The government is currently pursuing a forfeiture amount of over $2.5

million as well. Mr. Picone is represented in this matter by the Office of the Federal Defender.

Under the provisions of the Criminal Justice Act, this Court has adopted a plan for the

appointment of counsel for indigent people facing federal criminal charges. In particular, Section

XII-A of the CJA Plan provides as follows: "Generally, one attorney should be appointed to

represent each eligible defendant in a given case. However, more than one attorney may be

appointed if the Court determines that the case is complex and that it is in the interest of justice to

appoint multiple attorneys." It is respectfully submitted that this case, which involves allegations

of multiple conspiracies stretching over five years, over 250 alleged victims, and millions of dollars

in allegedly fraudulent transactions, is complex and that it is in the interests of justice to appoint additional counsel.

To date, the government has provided undersigned counsel with over 35,000 pages of formal discovery. Many of the documents provided are of poor quality, and as such are difficult to review with automated search techniques. The government has clearly conducted an extensive investigation before filing these charges. Indeed, an undercover operation was conducted at least two years ago, and the investigation appears to have been ongoing since that date.

Currently, the government is represented in this matter by four attorneys: two AUSAs here in Connecticut, one supervisor in Connecticut, and a specialist from the Department of Justice in Washington, D.C. Of course, the government also has it is disposal the vast resources of the federal law enforcement community, numerous paralegals and legal assistants, and other staff.

The undersigned is currently one of only six attorneys employed by the Office of the Federal Defender in Connecticut. By the time trial is scheduled to commence in this matter, there will be only five attorneys in the office. The Office does not expect to be able to fill the two attorney positions that have recently been or are soon to be vacated. The Office employs one paralegal, who also serves as the in-house interpreter for Spanish-speaking clients, and two investigators. These three staffers divide their time among the full case load of the office, which consists of approximately 200 active cases at any given time, plus numerous closed cases that require periodic attention. The Court is aware of the budget restrictions facing the Office, which make it impossible for the Office to retain an outside discovery management firm or other contracted assistance.

Mr. Picone faces a potential sentence of up to twenty years on certain individual counts and up to 95 years in total on all counts. Given the severity of the potential punishment and the scope

-2-

of these charges, this is simply not a case that can be handled effectively by one attorney.  However, the Office of the Federal Defender simply does not have the ability to allocate two attorneys – that is, 40% of the attorney staff of the Office – full-time for several weeks to this trial while still being able to respond to new arrests and other business.  The appointment of CJA counsel in this case would allow the Office of the Federal Defender to thereby more efficiently allocate its scarce resources and to continue to fulfill the vital role it serves in the District.  Undersigned counsel has identified a CJA Panel Attorney, Todd Bussert, who is available to take on the joint representation and is able to participate in a trial on the dates set by the Court.  In addition, as the offices of Attorney Bussert and the undersigned are within a few blocks of one another, counsel will be able to collaborate without difficulty and to travel to court appearances together.   Under these circumstances, the defendant requests that the Court appoint additional counsel to represent Mr. Picone, along with the undersigned, under the provisions of Section XII-A of the Criminal Justice Act Plan.

There is authority, in addition to that contained in the CJA Plan, for the appointment of additional counsel in a complex or difficult case.  In fact, additional authority exists in three different sources.   First, the Administrative Office of the United States Courts has anticipated that there would be cases where the appointment of more than one counsel is necessary and has provided for such appointments in its Guide to Judiciary Policies and Procedures.  In Volume VII, Section A, Chapter 2 (conditions under which more than one attorney may be appointed at government expense), the *Guide* provides as follows:

§ 230.53.20

(a) In an extremely difficult case where the court finds it in the interest of justice to

appoint an additional attorney, each attorney is eligible to receive the maximum compensation allowable under the CJA.

(b) The finding of the court that the appointment of an additional attorney in a difficult case was necessary and in the interest of justice must appear on the Order of Appointment.

Second, there is case law in this circuit that supports the appointment of additional counsel in complex cases. In United States v. Aadal, 280 F. Supp. 866, 868-69 (S.D.N.Y. 1967), the district court noted that there was no statutory bar to the appointment of more than one counsel and approved multiple representation of one defendant where "extraordinary circumstances" required "protracted representation." Those terms, the Court noted, are not precisely defined, and "each case must be judged by its peculiar facts." Id. The peculiar facts of Mr. Picone's case, in the difficult circumstances faced by the Office of the Federal Defender, plainly constitute extraordinary circumstances in this District. The representation is "protracted," as Mr. Picone was first referred to the Office of the Federal Defender in May 2012.

Third, there is precedent in this District for appointing additional counsel in a complex case. There have been several instances of such multiple appointments, and such CJA appointments have occurred even when a member of the Federal Defender's Office was already involved in the case. The Honorable Christopher F. Droney appointed CJA counsel in addition to the Federal Defender's Office in United States v. Gary Johnson, 3:09CR166(EBB).[1] The instant case is at least as complex and serious as the Johnson case, which concerned allegations of mortgage fraud. The Court also appointed CJA counsel to serve as co-counsel to the Office of the Federal Defender in United States v. Natal, 3:13CR00164(JBA). In addition, the Court has appointed multiple CJA counsel in a single

---

[1]The caption bears the initials "EBB" because the matter was reassigned to Judge Burns after Judge Droney's appointment to the Second Circuit.

case where appropriate.  See, e.g., United States v. Poupart, 3:11CR00116(JBA); United States v. Ivanov, 3:00CR00183(AWT).

In sum, this District's CJA Plan, the Administrative Office's Guide to Judiciary Policies and Procedures, case law, and precedent in this District all support the appointment of additional counsel in this case.  It is in the interest of justice to appoint Attorney Bussert, given the serious, complex charges.  Respectfully, the defendant asks that the Court appoint Attorney Bussert as additional counsel in this matter.

Respectfully submitted,

THE DEFENDANT,
PETER PICONE

OFFICE OF THE FEDERAL DEFENDER

Dated: September 18, 2013             /s/ Sarah A. L. Merriam
                                      Sarah A. L. Merriam
                                      Assistant Federal Defender
                                      265 Church Street, Suite 702
                                      New Haven, CT   06510
                                      Phone: 203-498-4200
                                      Fax: 203-498-4207
                                      Bar No.: ct25379
                                      Email: sarah_merriam@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2013, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Sarah A. L. Merriam
Sarah A. L. Merriam