UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:13-cr-00128 (AWT) |
| | : | |
| v. | : | |
| | : | |
| PETER PICONE | : | October 5, 2015 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTARY
MEMORANDUM IN AID OF SENTENCING**

The government respectfully submits this response to defendant Peter Picone's

("Picone's") supplementary memorandum in aid of sentencing, submitted in connection with the

scheduled resumption of Picone's sentencing on October 6, 2015.  At the Court's request, issued

during the original sentencing proceeding on August 14, 2015, Picone has attempted to identify

specific portions of the medical records submitted with his original April 30, 2015 sentencing

memorandum which support his contention that he committed the offenses charged in the above-

captioned indictment because of "diminished capacity," as that term is defined in Section 5K2.13

of the United States Sentencing Guidelines (the "Guidelines").  *See* Defendant's Supplementary

Memorandum in Aid of Sentencing, dated September 1, 2015 ("Def. Supp. Mem."), at 1.  In

addition, in a new argument not raised in his original sentencing memorandum, Picone proffers

as an alternate ground for departure his mental and emotional condition, as that ground is

described in Section 5H1.3 of the Guidelines.  *Id*.  The government urges the Court to reject both

grounds for departure, and instead to impose a sentence within the advisory Guidelines range of

imprisonment of 37 to 46 months, to which the parties stipulated in their plea agreement

executed in conjunction with Picone's June 3, 2014 guilty plea.  See Peter Picone Plea

Agreement, dated June 3, 2014 ("Plea Agreement"), at 7.

## I.    Diminished Capacity

Picone attaches to his supplementary memorandum letters which he and his wife wrote to the Court, as well as twelve excerpts from his medical records, eleven of which he submitted with his original sentencing memorandum, and one, a brief letter from his primary care physician, which he says was inadvertently omitted from the original submission.  Picone argues conclusorily that these materials

> compel the inference that he was suffering from a mental disorder during the relevant offense period, which, by its very nature, disrupted his cognitive process and ability to make rational, non-distorted judgments and operated in a manner which substantially contributed to the commission of the charged offenses.

Def. Supp. Mem. at 3.  Picone's argument is meritless.  The proffered materials, while establishing that Picone has long complained of anxiety, depression and panic attacks, and has been treated for these conditions with a variety of medications, wholly fail to establish the causal link required under U.S.S.G. § 5K2.13 between his depressive condition, which the government has neither denied nor disparaged, and his criminal conduct.

The diminished capacity provision stresses that link, providing that the departure is warranted only if a defendant establishes that he committed an offense while suffering from a significantly reduced mental capacity *and* "the significantly reduced mental capacity contributed substantially to the commission of the offense."  U.S.S.G. § 5K2.13.  *See also United States v. Qualls*, 2015 U.S. App. LEXIS 8800, *10 (2d Cir. May 28, 2015) (affirming District Court's refusal to grant diminished capacity departure because defendant failed to establish causal link between his crimes and his mental illness, which the court acknowledged and otherwise took into account in fashioning a sentence); *United States v. Miller*, 178 Fed. Appx. 70, 71 (2d Cir. 2006) (finding no error in District Court's refusal to grant diminished capacity departure because the

court found no connection between the diminished capacity and the criminal activity itself);

*United States v. Piervinanzi*, 23 F.3d 670, 684-85 (2d Cir. 1994) (same).

Here, Picone wholly fails to establish the required causal link.  First, the letters which he and his wife submitted to the Court are not only self-serving, as the Court pointed out during the August 14 sentencing proceeding, but do not explain how or why Picone's professed psychological difficulties caused him, or more accurately, *allowed* him, to conceive, execute and sustain – for several years – the sophisticated criminal enterprise which forms the basis for his conviction.  *See* Def. Supp. Mem. Exh. 1 & 2.  Second, the letter from his primary care physician, submitted for the first time in Picone's supplementary filing, says simply, without elaboration, that "his depression and his anxiety are affecting and has affected his work."  *Id.* Exh. 3.  This vague and unsupported assertion, from a general practitioner and not a psychiatric expert, does not explain how these conditions *caused* or could have caused him to commit the offense.  To the contrary, the inference is that Picone's conditions would have made him *less* able to sustain the focus and attention to detail necessary to broker a business which, among other things, required him to haggle with Chinese electronics suppliers, negotiate U.S. customs regulations, and market high-tech components to U.S. defense contractors.  Finally, the excerpts from Picone's medical records in the remaining exhibits of his supplementary filing similarly offer no *cause* for his criminal conduct – rather, they suggest that it is surprising he was able to run a business in the first place.  *Id.*  Exh. 4-6.  The only references at all in the records to his employment are purely descriptive, e.g.: "[h]e works selling electronics," *id.*, Exh. 4D at 3; and "OCCUPATION: PRIVATELY EMPLOYED, PRESIDENT AND CEO OF HIS OWN ELECTRICAL COMPANY."  *Id*. Exh. 4F at 1.  In sum, the medical records make it very clear

that Picone, if anything, applied himself to the trafficking of counterfeit integrated circuits with a vigor and determination that *belied* his condition, not evidenced it.

## II.     Mental and Emotional Condition

Picone now urges the Court, as an alternate ground for departure, to consider his mental and emotional condition.  The government, which has never contended that the Court should ignore Picone's history of treatment for anxiety and depression, nevertheless submits that these conditions are not present to the "unusual degree" necessary to justify a downward departure on this ground.  U.S.S.G. § 5H1.3.

The relevant Guidelines provision, termed [only] a "Policy Statement" by the United States Sentencing Commission, provides in relevant part:

> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.

Such a departure, however, is warranted only in an "extraordinary" case.  *United States v. Lara*, 905 F.2d 599, 603 (2d Cir. 1990).  Notably, in *United States v. Rivera*, 192 F.3d 81 (2d. Cir. 1999), the Second Circuit, affirming former Senior United States District Court Judge Peter Dorsey's refusal to depart on this ground, found *not* "extraordinary" the defendant's claims he was born of familial rape, lived in foster homes, lost his stepfather at eight, was beaten, burned, struck with extension cords and made to kneel on rice in the corner as a youth.  *Id*. at 86. Moreover, the Second Circuit has found there is a causation requirement, and the defendant must show that the defendant's mental state was a contributing factor to the offense of conviction.  *See United States v. Brady*, 417 F.3d 326, 335 (2d Cir. 2005) (remanding for resentencing because although there was sufficient evidence that the extreme abuse the defendant suffered growing up, including violent abuse as an infant by both her parents, beatings and torture at the hands of her

4

adoptive mother, and sexual abuse both as a youth and an adult, contributed to her mental state, there was not adequate evidence in the record that this caused her to commit the crime of conviction).

Here, Picone's claim falls short on both grounds.  His history of treatment for anxiety and depression, while long-term and well-documented, is not comparable to the extraordinary duress faced by the defendants in either *Rivera* or *Brady*.  This departure, as the Second Circuit has made clear, is for the rarest of cases.  Even more glaring, and as discussed above in evaluating Picone's diminished capacity claim (and at greater length in the government's original sentencing memorandum, *see* Government's Memorandum in Aid of Sentencing, May 14, 2015, pp. 3-6), is the complete lack of evidence in the record showing any causal link between Picone's professed mental and emotional condition and the very involved and complex criminal conduct to which he pled guilty.

## VI.     Conclusion

Ultimately, the government is not asking the Court to ignore Picone's struggles with anxiety and depression.  Part of the Court's analysis will of course include consideration of Picone's "history and characteristics."  18 U.S.C. § 3553(a)(1).  That is appropriate.  The government urges the Court, however, not to accept the premise that Picone committed the instant offense in large part *because* of his anxiety and depression, when there is simply no evidence in the record, including the materials Picone submitted with his supplementary sentencing memorandum, of such a causal link.

For the reasons stated above, the government urges the Court to impose a sentence within the advisory Guidelines range of 37 to 46 months agreed to by the parties.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY


/S/
SARALA NAGALA
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
157 CHURCH STREET; 23RD FLOOR
NEW HAVEN, CT  06510
(203) 821-3700


/S/
EVAN WILLIAMS
SENIOR COUNSEL
COMPUTER CRIME &
 INTELLECTUAL PROPERTY SECTION
UNITED STATES DEPARTMENT OF JUSTICE
1301 NEW YORK AVENUE, N.W., STE. 600
WASHINGTON, D.C.  20530
(202) 307-0135

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF.

/S/
EVAN WILLIAMS
SENIOR COUNSEL
COMPUTER CRIME &
  INTELLECTUAL PROPERTY SECTION
UNITED STATES DEPARTMENT OF JUSTICE